# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**DONALD JONES, #K3202**                                                      **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO.  2:05cv2160KS-JMR**

**HELEN SMITH, RONALD KING,**
**CHRISTOPHER B. EPPS, AND JAMES EASTERLING**                   **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court, <u>sua sponte</u>, for consideration of dismissal.  The plaintiff Donald Jones, #K3202, an inmate at the South Mississippi Correctional Institution, Leaksville, Mississippi, has filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are Helen Smith, Ronald King, Christopher B. Epps, and James Easterling.

Plaintiff states that on May 10, 2005, Officer James Easterling issued him a rule violation report (RVR) for having an unauthorized tool which he claims to have inadvertently taken from his job-site.  Although plaintiff states that he returned the tool on his own recognizance to Officer Easterling, he was still given the RVR.  After being found not-guilty of the RVR at the subsequent Disciplinary Hearing on the matter, the plaintiff was remiss to learn that he had still lost his job.  Plaintiff alleges that his due process rights were violated when he lost his job inspite of being found not-guilty of the RVR.  Plaintiff requests that defendant Easterling be terminated from his job and that plaintiff be awarded damages.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings <u>in forma pauperis</u> and provides  that "the court shall dismiss the case at any

time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, § 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim upon which relief may be granted.

To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his prison job. See Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits). Likewise, any expectation that plaintiff might have had in keeping his prison job does not amount to a property interest entitled to due process protection. Id.

Furthermore, even if the plaintiff earned good-time credits from his prison job, he has suffered no constitutional deprivation. It is well established that the mere possibility of parole does not create a liberty interest under the Constitution. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). Therefore, the plaintiff was not entitled to due process protections when he faced the loss of his prison employment, even if his employment helped him earn good-time credit. As such, he has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

Conclusion

As stated above, the plaintiff's complaints regarding the loss of his prison job fails to state a claim upon which relief may be granted. Consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, § 1915(e)(2)(B)(ii), it will be counted as a "strike".[1] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

All pending motions in this case are hereby terminated. A final judgment in accordance with this memorandum opinion will be entered

THIS the 22nd day of May, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."